CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 01 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DONALD F. McKINNEY, et al., | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 4:06cv00029 |
| v. | ) |
| STONEBRIDGE LIFE INSURANCE COMPANY, | ) |
| | ) By: Hon. Michael F. Urbanski |
| | ) United States Magistrate Judge |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiffs' motion to remand this case to the Virginia state court from whence it came. All pretrial issues were referred to the undersigned on May 23, 2006. Following an opportunity to fully brief the issues, the parties appeared before the undersigned for a hearing held on the record on July 25, 2006. Plaintiffs' remand motion was referred to the undersigned for report and recommendation on August 25, 2006.

For the reasons set forth in the opinion below, it is recommended that plaintiffs' motion be granted and this case be remanded to the Circuit Court of Halifax County. Defendant has failed to meet its burden of proving the federal court has jurisdiction over this matter, as the requisite amount in controversy has not been established.

I

Karen L. McKinney ("Decedent") was killed in an automobile accident on March 30, 2005. She was covered by three separate life insurance policies written by defendant Stonebridge Life Insurance Company ("Stonebridge"). Plaintiff Donald McKinney, the Decedent's spouse, is the sole beneficiary of one policy ("Policy 1") with a benefit of $25,000. Donald McKinney as

well as the Decedent's three children, Maria Lucado, Ellen Lucado Matthews, and Patrick Lucado, are the beneficiaries of the other two policies ("Policy 2" and "Policy 3") with benefits of $75,000 and $40,000, respectively. Stonebridge denied all of the plaintiffs' claims under the three policies based on an identical exclusion in each policy precluding payment of accidental death benefits for loss or death resulting from the unauthorized use of prescription drugs. The toxicology report prepared after Decedent's death showed elevated levels – five to ten times higher than therapeutic doses – of Hydrocodone and Oxycodone, according to defendant.

Plaintiffs filed three separate actions, one for each insurance contract, in the Circuit Court of Halifax County. The Circuit Court granted Stonebridge's motion to consolidate the three cases for purposes of discovery and trial. Defendants then removed the consolidated cases to the United States District Court for the Western District of Virginia on May 23, 2006, pursuant to 28 U.S.C. § 1332.[1] Plaintiffs now seek remand, alleging this court lacks subject matter jurisdiction because defendants cannot satisfy the amount in controversy requirement of diversity jurisdiction.

## II

Once the propriety of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving jurisdiction by showing, to a legal certainty, that the claim for relief is not less than the statutorily prescribed jurisdictional amount. 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702 (3d ed. 1998); see also Perkins v. Watson, No. 1:04cv988, 2005

---

[1] 28 U.S.C. § 1332 gives the federal court original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, and the action is between citizens of different states.

U.S. Dist. LEXIS 11192, at *4-5 (M.D.N.C. June 3, 2005) (finding the burden on defendants to prove the federal court's jurisdiction in cases removed from state court by defendants). In removed cases, it is the obligation of the removing defendant to establish that the amount in controversy test has been satisfied. Wright, Miller & Cooper, supra, at § 3702. Thus, the burden is on Stonebridge in this case to prove the amount in controversy is greater than $75,000.

Under Federal Rule of Civil Procedure 18, a single plaintiff suing a single defendant can join as many claims as he or she may have against that defendant, regardless of the nature or relationship of those claims. See also Wright, Miller & Cooper, supra, at § 3704. Generally, the value of all of plaintiff's claims brought under Rule 18 can be aggregated to satisfy the requisite jurisdictional amount in controversy. Id. at § 3704. However, two plaintiffs, each with a claim for $75,000 or less against a single defendant, may not aggregate their claims in a single action and may not sue in a federal court, no matter how similar their claims may be, so long as the claims are regarded as "separate and distinct." Id. at § 3704; see also 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.108 (3d ed. 1999) (stating claims by multiple plaintiffs against a single defendant cannot be aggregated to satisfy jurisdictional requirements so long as the claims remain separate and distinct). Only if the claims are based on a common, undivided interest may multiple plaintiffs aggregate their claims to satisfy the jurisdictional requirement. Wright, Miller & Cooper, supra, at § 3704. Drawing a distinction between claims that are common and undivided and those that are separate and distinct often proves difficult, especially in an insurance context. See id. at § 3704.

For example, the Eighth Circuit in Burns v. Massachusetts Mutual Life Insurance Co., 820 F.2d 246 (8th Cir. 1987), refused to aggregate the claims of class members the court

3

considered to be separate and distinct. In Burns, the owner of a life insurance policy issued by Massachusetts Mutual sued defendant for breach of contract. Id. at 247. Burns sought to certify a class of individuals and aggregate the individual claims to establish the jurisdictional amount in controversy. Id. at 248. The court refused to do so, stating:

> Here, the point of Burn's lawsuit is to compel the payment of sums he asserts he is entitled to receive under the terms of his contract with Massachusetts Mutual. The claims of the proposed class members are distinct from each other; each policyholder asserts an individual claim based upon the policyholder's individual contract. We therefore conclude that the claims of the proposed class members are separate and distinct and cannot be aggregated for purposes of satisfying the requisite jurisdictional amount.

Burns, 820 F.2d at 250-251.

The Eleventh Circuit more recently held in Friedman v. New York Life Insurance Co., 410 F.3d 1350, 1356 (11th Cir. 2005):

> New York Life can point to no case in this or any other circuit allowing aggregation for jurisdictional purposes where each plaintiff has a claim of the kind described above – i.e., one which plaintiff could have brought separately; in which the amount received does not vary depending upon whether other plaintiffs join or drop out; and in which a potential plaintiff's non-participation does not result in that plaintiff's alleged damages inuring to the benefit of any other party.

The Eleventh Circuit concluded that each class member had a separate and distinct claim, each could have brought a separate suit, and each could recover without affecting the rights of co-plaintiffs. Id. at 1354. As a result, the claims could not be aggregated. Id. at 1354.

The Friedman court also noted that common fund cases are controlled by the nature of the right asserted, not whether successful vindication of that right leads to a single pool of money to be allocated among the plaintiffs. Id. at 1354 (quoting Gilman v. BHC Sec., 104 F.3d 1418,

4

1427 (2d Cir. 1997)). The court distinguished Friedman's case from one in which plaintiffs were asserting a claim for the proceeds of a single policy, Id. at 1355, in which case the claims could be aggregated.

However, in Allstate Insurance Company v. Hechinger Company, 982 F. Supp. 1169 (E.D. Va. 1997), the court aggregated the losses claimed by two separate individuals in house fires caused allegedly by defendants' negligence. Allstate, as subrogee insurer, brought an action against defendants to recover the amount paid out in losses to the two individuals, and sought to aggregate those losses to meet the amount in controversy requirement. Id. at 1171. While the court noted that the two separate individuals could not have joined their claims against defendants to meet the § 1332 requirement, Allstate, as subrogee, owned the substantive rights on which it sued. Id. at 1171-72. The court held a subrogee can aggregate the claims to which it is subrogated, much like a single plaintiff can join as many claims as it has against a single defendant. See Fed. R. Civ. P. 18(a). The court highlighted the important difference between separate claim holders seeking to aggregate separate claims, and a single claimant seeking to aggregate its various, wholly owned claims. Id. at 1172.

### III

In support of remand, plaintiffs argue the three separate claims under the three insurance policies cannot be aggregated to satisfy the amount in controversy requirement, as each claim is separate and distinct. Plaintiffs rely on Glover v. Johns-Manville Corp., 662 F.2d 225 (4th Cir. 1981), for the proposition that claims of two or more plaintiffs may be aggregated to satisfy the amount in controversy requirement only to enforce a single title or right in which they have a common and undivided interest.

5

In Glover, the Fourth Circuit addressed whether the district court erred in dismissing, for lack of subject matter jurisdiction, defendant manufacturers' third party claims in an action against the government for contractual indemnity. The Fourth Circuit relied on the Supreme Court's holding in Zahn v. International Paper Co., 414 U.S. 291 (1973), for the proposition that in a class action with diversity jurisdiction, involving separate and distinct claims by two or more plaintiffs, the amount in controversy is determined based upon each plaintiff's claim and not upon the aggregate.[2] Only where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest," is aggregation permitted. Glover, 662 F.2d at 231 (quoting Snyder v. Harris, 394 U.S. 332, 335 (1969)). The Glover court held that the

---

[2] Defendant is correct in asserting in its brief that courts have determined that the Zahn principle has been overruled. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005); Rosmer v. Pfizer, Inc., 263 F.3d 110, 114 (4th Cir. 2001). However, those courts have deemed the case overruled by statute upon enaction of 28 U.S.C. § 1367, concerning supplemental jurisdiction. But see Wright, Miller & Cooper, supra, at § 3704 ("[T]he legislative history detailing Congress' objective in enacting Section 1367 indicates that there was no intention of overruling Zahn."). Supplemental jurisdiction is not at issue in this case, because none of the three claims alone is for an amount greater than $75,000; thus, none of the claims falls within the federal court's original jurisdiction.

At the hearing, defendant argued that supplemental jurisdiction is relevant to this matter because Donald McKinney could have originally brought his claim in federal court, as he claims a total of $140,000 in benefits under the three combined policies. Defendant's argument fails because Donald McKinney did not join his claims totaling $140,000 under all three policies. Instead, the beneficiaries of each policy elected to file three independent actions, none of which alleges an amount in controversy greater than $75,000. As no single claim at issue in this case falls within the federal court's jurisdiction, supplemental jurisdiction cannot be invoked.

Furthermore, the Supreme Court's holding in Allapattah that § 1367 overrules and supercedes Zahn "does not abolish the traditional doctrine that the independent claims of two or more plaintiffs may not be aggregated to reach the required jurisdictional amount in controversy." Wright, Miller & Cooper, supra, at § 3704 (Supp. 2006).

6

Zahn rule applied despite the fact that Glover's case did not involve a class action. The court found:

> [T]he manufacturers' claims, while common in the sense that they appear to arise under similar circumstances, fail to have the undivided interest that is a necessary predicate to aggregation. Neither is there a single title or right, rather the claim of each manufacturer to indemnity is its alleged contract with the government. The interest of each manufacturer flows from its claimed independent contractual relationship with the United States. Although such claims may be subject to joinder pursuant to Rule 20 of the Federal Rules of Civil Procedure, they are deemed separate and distinct for purposes of determining the amount in controversy. Therefore, the amount in controversy in this case must be determined on the basis of each manufacturer's claim.

Glover, 662 F.2d at 231-32 (internal citations omitted).

Following Glover, the undersigned finds plaintiffs' argument persuasive. While the plaintiffs' claims to each insurance contract individually may represent a common, undivided interest, the three actions under the three insurance policies contain no such undivided interest. The three policy claims remain separate and distinct. There is no indication that the plaintiffs' failure to collect on one of the policies would increase the recovery of plaintiffs on the other two policies. Nor is there any indication that recovery on one policy would diminish the other claimants' recoveries on the remaining two policies. There is simply no shared right among the three actions.

The scenario in this case, in which the plaintiffs' claims to three separate insurance contracts are at issue, differs from one in which plaintiffs seek to enforce their rights under a single policy. In the latter instance, plaintiffs' claims to a single policy likely would represent a common, undivided interest, as the failure of one beneficiary to recover under the policy would

affect the rights of the remaining plaintiffs. See Glover, 662 F.2d at 232 fn.6 (distinguishing Glover from the case of Manufacturers Casualty Ins. Co. v. Coker, 219 F.2d 631 (4th Cir. 1955), in which the court permitted aggregation of claims by numerous defendants arising under a single insurance policy); Besse v. General Motors Corp., 317 F. Supp. 2d 646, 650 (D.S.C. 2004) ("[T]he paradigm cases allowing aggregation of claims are those which involve a single, individual res, such as an estate, a piece of property[,] . . . or an insurance policy." (quoting Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 431 (D.S.C. 2004))). In this case, while the beneficiaries to Policy 2, for example, may have a shared right, the beneficiaries to the three policies in toto do not share an undivided interest.

Complete and proper relief may be granted with respect to any one of the three separate policies at issue without diminishing the claims arising out of the other two. The contracts can be enforced separately, and thus, do not comprise a single, individual res allowing for aggregation. See Besse, 317 F. Supp. 2d at 649. As the Fourth Circuit in Glover found that "the interest of each manufacturer flows from its claimed independent contractual relationship with the United States," Glover, 662 F.2d at 231-32, the interests involved in this case stem from three individual, independent insurance contracts. See also Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462, 1467 (S.D. Ala. 1992) ("[W]here relief is sought for the breach of separately negotiated contracts, it is difficult, if not impossible, to imagine how the interests to be adjudicated could be characterized as a common interest belonging to the group as a whole rather than to individual plaintiffs."). The three individual insurance claims in this case remain separate and distinct.

8

Defendant's arguments to the contrary are unconvincing. Defendant contends plaintiffs' actions comprise a single Article III case or controversy[3] and thus allow for aggregation, as the actions arise out of same event, involve the same causes of action, the insurance contracts at issue insure the same risk, and each insurance policy has identical language and exclusions. In addition, defendant argues the three actions involve the same legal issue, the same parties, the same counsel for all plaintiffs. In two of the claims, the four plaintiffs are identical; Donald McKinney is a plaintiff to all three claims. Defendant contends these similar factual circumstances render the three actions a single case or controversy, warranting aggregation.

Defendant is mistaken. Analyzing the existence of an "Article III case or controversy" is irrelevant in determining the jurisdictional amount in controversy.[4] Rather, the relevant inquiry is whether the claims sought to be aggregated represent a common, undivided interest. Zahn v. International Paper Co., 414 U.S. 291 (1973). Defendant offers no case law to support its assertion that the existence of a single "Article III case or controversy" governs the analysis.

---

[3] Article III, § 2, cl. 1 of the United States Constitution states:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States,--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

[4] However, it is relevant in the context of exercising supplemental jurisdiction. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005) (holding § 1367 authorizes supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy).

Additionally, while factually similar claims may be subject to joinder under Federal Rule of Civil Procedure 20(a), they are deemed separate and distinct for purposes of determining the amount in controversy. Glover, 662 F.2d at 231-32 (finding the claims at issue fail to have an undivided interest necessary for aggregation, despite the fact that the claims appear to arise under similar circumstances); see also Feikema v. Texaco, Inc., 16 F.3d 1408, 1412 (4th Cir. 1994) ("While the claims of the several plaintiffs do arise from a single cause, they are not undivided claims with respect to the several properties."). The factual similarities of plaintiffs' multiple claims are irrelevant as regards aggregation. Wright, Miller & Cooper, supra, at § 3704 ("Ordinarily, the claims joined by plaintiff in fact are closely related, but this factor has never been treated as relevant to the question whether aggregation should be permitted.") Case law clearly and unanimously establishes that separate and distinct claims by different plaintiffs cannot be aggregated for the purposes of measuring the amount in controversy. See Allstate Ins. Co. v. Hechinger Co., 982 F. Supp. 1169, 1171 (E.D. Va. 1997) ("Multiple plaintiffs, however, can aggregate their claims only if they are suing on a shared right or individual interest, such as when both plaintiffs are parties to the same contract."); Wright, Miller & Cooper, supra, § 3704. While the plaintiffs in these three actions are similar, their claims under the three insurance contracts remain separate and distinct.

Defendant argues that federal courts within the Fourth Circuit have found aggregation of claims by the same insurer entirely appropriate, citing HHC v. York Insurance Co., 994 F. Supp. 717 (E.D. Va. 1998) and Allstate Insurance Co. v. Hechinger Co., 982 F. Supp. 1169, 1172 (E.D. Va. 1997). However, the cases Stonebridge cites in support of its argument are factually distinguishable from the case at hand.

10

In HHC,[5] the court stated in dicta "[f]ederal courts may aggregate separate claims against the same insurer to satisfy the amount-in-controversy requirement," citing Bley v. Travelers Insurance Co., 27 F. Supp. 351, 358 (S.D. Ala. 1939) for the proposition. HHC, 994 F. Supp at 721. This proposition may be true in the context of cases like Bley, where a single plaintiff brings two separate actions in the same court against a single defendant and the state court merges the two actions into one. Id. at 352, 358. However, the facts in the instant case greatly differ. Unlike Bley, in which aggregation was deemed appropriate, the actions in this case were brought by separate, albeit similar, groups of plaintiffs regarding three separate insurance policies, and they were consolidated for purposes of trial and discovery; the state court did not merge the actions. See discussion, infra, page 12. Accordingly, defendant's reliance on this HHC proposition is unpersuasive.

Likewise, Allstate is distinguishable from the instant case. As noted, supra, Allstate brought an action against defendants as subrogee. Allstate, 982 F. Supp. at 1171. The court held that in such a capacity, Allstate owned the substantive rights on which it sued. Id. at 1172. Thus, Allstate can aggregate claims to which it is subrogated, much like a single plaintiff can join as many claims as it has against a single defendant. Id. at 1172. This case does not involve a single plaintiff attempting to aggregate multiple claims; therefore, Allstate bears little weight on the analysis.

---

[5] The HHC court ultimately refused to aggregate a claim from a pending lawsuit with one from a previously completed lawsuit to satisfy the amount in controversy requirement. HHC, 994 F. Supp. at 721.

11

Defendant further alleges these three actions can be aggregated because collateral estoppel prevents plaintiffs from separately litigating each claim to judgment; as a result, these matters cannot be adjudicated without implicating the rights of everyone involved. However, joinder and aggregation are two separate inquiries, and defendant's argument regarding collateral estoppel deals with the former, not the latter. Collateral estoppel may require the joinder of certain claims into one action; however, the doctrine has no bearing on aggregation. Defendant has failed to offer evidence to establish the doctrine of collateral estoppel is relevant to this analysis. While defendant's argument may be convincing in the context of joinder, it is inapposite to the issue of aggregating of claims for purposes of satisfying the amount in controversy requirement.

Likewise, defendant's assertion that the state court's consolidation of the claims renders aggregation appropriate is unsupported. The fact that the Circuit Court of Halifax County consolidated the three cases for purposes of discovery and trial has no bearing on aggregation. Under Virginia law, if a case is consolidated for discovery and trial only, the causes of action remain distinct and every legal right is preserved to the respective parties as fully as if the cases had been tried separately. Clark v. Kimnach, 198 Va. 737, 745, 96 S.E.2d 780, 786 (1957) (quoting Giguere v. Yellow Cab Co., 59 R.I. 248, 250, 195 A. 214 (1937)). The Halifax County Circuit Court's Order indicates the consolidation of these actions was for nothing other than convenience during discovery and trial. Consolidation in this case does not establish a common, undivided interest for the purposes of aggregation. Per Virginia law, claims remain separate and

12

distinct when consolidated for trial purposes.[6] Defendant has not established these actions were consolidated for any reason other than for trial and discovery.

Defendant claims plaintiffs' reliance on Clark is erroneous, as the amount in controversy requirement is a federal issue. Defendant relies on federal case law, which Stonebridge asserts establishes that consolidated claims do not remain separate and distinct. Defendant points specifically to Tonyco, Inc. v. Equity Marketing, Inc., No. 99-74995, 2000 U.S. Dist. LEXIS 6801, at *9 (E.D. Mich. 2000) ("[H]ad these two actions been consolidated in the state courts, then Defendant would be able to properly remove them to this Court if the aggregated amount in controversy exceeded $75,000."), in support of its position. Yet, the relevant Tonyco language once again relies on Bley v. Travelers Insurance Co., 27 F. Supp. 351 (S.D. Ala. 1939). Bley involves two cases brought by a single plaintiff against a single defendant merged into one by the state court. Such a situation is clearly distinguishable from this case. While merger of the actions at the state court level may have presented a stronger argument for aggregation, the claims in this case were not merged but consolidated for purposes of trial and discovery. Thus, defendant's reliance on Tonyco for the proposition that the Halifax County Circuit Court's consolidation of the claims permits aggregation is misplaced.

Defendant contends that the case law relied upon by plaintiffs for the proposition that the three claims remain separate and distinct despite consolidation is antiquated. Defendant notes "[w]ith one exception, the persuasive authority cited by Plaintiffs in Part II of their Brief is all

---

[6] Consolidating cases for trial purposes is distinguishable from the merger of separate causes of action into one cause. See Clark v. Kimnach, 198 Va. at 745, 96 S.E.2d at 786; see also Bley v. Travelers Ins. Co., 27 F. Supp. 351, 355 (S.D. Ala. 1939) ("There appears to be a difference between consolidating several actions into one for trial and trying several actions together.").

13

70-100 years old, thereby pre-dating the supplemental jurisdiction statute, modern joinder rules, and other modern procedural rules." Def.'s Br. 8.[7] It is clear to the undersigned that this statement is an attempt by defendant to poke holes in plaintiffs' argument in favor of remand, as opposed to citing persuasive authority to meet its burden of proving removal was proper in the first instance.

Defendant criticizes plaintiffs' reliance on Clark v. Kimnack, 198 Va. 737, 96 S.E.2d 780 (1957), a case which remains good law, for being outdated and rarely cited for the proposition that consolidated claims remain separate and distinct. Yet at the same time, Stonebridge asks the court to infer from the failure of the Virginia Supreme Court to mention that consolidated cases remain separate and distinct in Allstate v. Wade, 265 Va. 383, 579 S.E.2d 180 (2003), and Tazewell Oil Co. v. United Virginia Bank, 243 Va. 94, 413 S.E.2d 611 (1992), that the Clark proposition is dead. The undersigned declines to make such an inference and notes the lack of authority defendant has offered to support its own position in this case.

Finally, defendant's allegation that plaintiffs filed separate claims only to circumvent federal jurisdiction also is irrelevant to the question of aggregation. Satisfaction of the amount in controversy requirement does not turn on the subjective motivations of plaintiffs. Under well-settled principles, the plaintiff is the master of his or her claim. Pinney v. Nokia, 402 F.3d 430, 442 (4th Cir. 2005); Wright, Miller & Cooper, supra, at § 3702.

---

[7] The court notes that despite the defendant's disapproval of plaintiffs' "antiquated" case law, Stonebridge shortly thereafter cites a Supreme Court opinion from 1961 and a district court case from 1970 in support of its argument that determining the amount in controversy is a question of federal law, and thus, the state law distinction between merger and consolidation has no bearing on the issue.

14

Stonebridge has not met its burden of proving this case falls within the jurisdiction of the federal court. The factually similar circumstances surrounding the three insurance claims do not alone create a common, undivided interest. Nor are collateral estoppel and artful pleading relevant to the analysis. Furthermore, these cases were not merged at the state level, but merely consolidated for purposes of discovery and trial. Defendant has simply failed to establish that the amount claimed in these three actions can be aggregated for purposes of determining the amount of controversy.

## IV

Defendant claims the court should deny plaintiffs' motion to remand because recent Supreme Court rulings have effectively extinguished the presumption in favor of remand established in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). Defendant specifically points to the Court's opinion in Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003). In Breuer, petitioner sued his employer under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), in a Florida state court. Id. at 693. The employer removed the case to the United States District Court for the Middle District of Florida, under 28 U.S.C. § 1441(a). Id. at 693. Breuer sought remand, arguing removal was improper because the FLSA's language provided that an action may be maintained in any state court, which Breuer contended operated as an express exception to the general authorization of removal under § 1441(a). Id. at 694; see 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

15

The Supreme Court rejected petitioner's argument, finding nothing on the face of 29 U.S.C. § 216(b) to expressly prohibit removal. The Court juxtaposed the language of the FLSA with other statutes in which Congress clearly stated its intention to give plaintiffs absolute choice of forum. Breuer, 538 U.S. at 696-97 (citing 28 U.S.C. § 1445, 15 U.S.C. § 77v(a), 15 U.S.C. § 1719, and 15 U.S.C. § 3612, to illustrate Congress' express directive that such actions not be removed to federal court).

The Supreme Court also rejected Breuer's contention that the Supreme Court's policy of strictly construing the removal statute, outlined in Shamrock, coupled with the language of 29 U.S.C. § 216(b), sufficiently established Congress' intention to prohibit removal of FLSA claims. Stonebridge relies on the following court's statement regarding the presumption: "[W]hatever apparent force this argument might have claimed when Shamrock was handed down has been qualified by later statutory development." Breuer, 538 U.S. at 697-98. However, instead of overruling the remand presumption as defendant suggests, the Court noted in this statement that the removal statute, 28 U.S.C. § 1441, had been amended since the time of the Shamrock decision to require express exception to the removability rule, and that exception hardly had been met by the term "maintain" in the FLSA statute. Id. at 697-98.

Defendant's argument that the Breuer Court's decision extinguished the presumption in favor of remand is erroneous. Nothing in the Breuer opinion serves to eliminate the historical presumption in favor of remand. Instead, Breuer established that the burden is on the plaintiff to prove the exception to general removability under § 1441, once a case has been properly removed under the statute. As the undersigned finds this case was not properly removed, Breuer holds no weight in this analysis.

16

Likewise, defendant's assertion that the Supreme Court's failure to mention the remand presumption in the removal analysis outlined in Beneficial National Bank v. Anderson, 539 U.S. (2003), and Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), renders the presumption "effectively extinguished" is meritless. The undersigned declines to infer from its absence of mention that the presumption in favor of remand has been overruled. Though defendant contends that "the historical requirement of strict construction of removal statutes and the resulting presumption in favor of remand no longer apply when a court considers a motion to remand," Def.'s Br. 7, Stonebridge can point to no court which expressly states such a position.

Indeed, a number of recent decisions rendered by courts within the Fourth Circuit have advocated strict construction of the removal statute, as outlined by the Supreme Court in Shamrock. See, e.g., Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005) ("We are obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated."); Aiken v. Microsoft Corp., 159 Fed. Appx. 471, 474 (4th Cir. 2005) ("[T]his court must strictly construe removal jurisdiction. 'If federal jurisdiction is doubtful, a remand is necessary.'" (quoting Mulchaey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted)); Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 118 (4th Cir. 2004); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004); Chandler v. The Cheesecake Factory Rests., Inc., No. 106cv277, 2006 U.S. Dist. LEXIS, at *8 (M.D.N.C. July 5, 2006) ("If jurisdiction is doubtful, a remand is necessary."); Molnar-Szilasi v. Sears Roebuck & Co., 429 F. Supp. 2d 728, 729 (D. Md. 2006); Korzinski v. Jackson, 326 F. Supp. 2d 704, 706 (E.D.N.C.

17

2004). Defendant has offered no authority to support its theory that the presumption in favor of remand is dead.

Furthermore, even without a presumption in favor of remand, remand is necessary in this case. As the Fourth Circuit has noted, "[i]f it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." Pinney, 402 F.3d at 442. As defendant has failed to prove the requisite amount in controversy, this case must be remanded.

## V

Defendant has offered no persuasive evidence to establish that the claims should be aggregated in this case, and as such, it has not met its burden of proving removal was proper. Therefore, it is recommended that this case be remanded to the Circuit Court of Halifax County.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Jackson L. Kiser, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTER:     This 1st day of September, 2006.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge